Citation Nr: 1706042 
Decision Date: 02/28/17 Archive Date: 03/03/17

DOCKET NO. 09-42 469 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Roanoke, Virginia


THE ISSUE

Entitlement to service connection for sleep apnea, to include as secondary to service-connected bilateral knee disorders.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

J. Rothstein, Associate Counsel


INTRODUCTION

The Veteran served on active duty from December 1995 to October 2007.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a May 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Roanoke, Virginia, in which the RO denied service connection for sleep apnea.

In July 2015, the Board denied service connection for sleep apnea. Thereafter, the Veteran appealed the denial to the United States Court of Appeals for Veterans Claims (Court). In a May 2016 order, pursuant to a Joint Motion for Remand (JMR), filed by representatives for the Veteran and the VA Secretary, the Court vacated the July 2015 Board decision and remanded the matter for appropriate action.

In June 2016, the Board remanded the matter to the Agency of Original Jurisdiction (AOJ) for appropriate action in accordance with the JMR.

The appeal is REMANDED to the AOJ. VA will notify the Veteran if further action is required.


REMAND

In January 2017, the Veteran's representative submitted additional argument concerning the claim on appeal. More specifically, the Veteran's representative indicated that the VA medical opinions of record were inadequate because the VA examiner failed to discuss whether the Veteran's in-service subjective complaints were symptomatic of his currently diagnosed sleep apnea. The Board agrees, and notes that service connection is warranted for a disease first diagnosed after discharge when all of the evidence, including that pertinent to service, establishes that the disease was incurred in service. See 38 C.F.R. § 3.303(d) (2016). Moreover, lay statements can provide sufficient evidence upon which to base a positive nexus opinion if a physician concludes that the current disability is due to a disease that had its onset in or is related to service. Buchanan v. Nicholson, 451 F.3d 1331, 1336 n. 1 (Fed. Cir. 2006) (noting that VA's examiner's opinion "failed to consider whether the lay statements presented sufficient evidence of the etiology of [the veteran's] disability such that his claim for service connection could be proven without contemporaneous medical evidence"). The evidence also includes an October 2009 statement of a fellow soldier that explained his observations of the Veteran experiencing symptoms of difficulty sleeping, snoring, and daytime fatigue.

In addition, the Board notes that in January 2017, the Veteran's representative indicated that the VA medical opinions of record were inadequate because the VA examiner also failed to discuss the relationship between the Veteran's service-connected knee disorders and the probability of weight gain (obesity) precipitating his sleep apnea. However, the Board disagrees, as the June 2016 VA examiner did include such a discussion in his opinion. Nonetheless, the Board finds that the discussion relating to aggravation in the June 2016 VA medical opinion to be inadequate. In this regard, although the VA examiner indicated that the Veteran's sleep apnea was less likely as not aggravated by his service-connected knee disorders, he provided almost no rationale. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008) (requiring VA medical examiners to provide a "reasoned medical explanation connecting" observations and conclusions). For instance, while the VA examiner explained why orthopedic conditions did not cause sleep apnea, he failed to explain why they did not aggravate sleep apnea. In addition, while the VA examiner explained why weight gain was not a cause for sleep apnea, he failed to explain why it did not aggravate sleep apnea, stating only that because it was not a cause it "therefore did not aggravate" the sleep apnea. 

In light of the foregoing, the Board finds that the VA medical opinions of record are inadequate to determine whether the Veteran's sleep apnea was incurred in or is related to service-connected disabilities. Consequently, the Board finds that an additional medical opinion by an appropriate specialist physician is therefore warranted. See Barr v. Nicholson, 21 Vet. App. 303, 311 (2007) (when VA undertakes to provide a VA examination or obtain a VA opinion, it must ensure that the examination or opinion is adequate).

Accordingly, the case is REMANDED for the following action:

1. Obtain an opinion from an appropriate specialist physician as to the nature and etiology of the Veteran's current sleep apnea. The claims file must be sent to the designated physician for review.

The physician should indicate whether it is at least as likely as not (a 50 percent or greater probability) that the Veteran's sleep apnea was either (a) caused by his service-connected knee disabilities or (b) aggravated by his service-connected knee disorders. If aggravated, the physician should specify the baseline of disability prior to aggravation, and the permanent, measurable increase in disability resulting from the aggravation.

The physician should also indicate whether it is at least as likely as not (a 50 percent or greater probability) that the Veteran's sleep apnea had its onset in or is related to service, to include the Veteran's claimed sleep apnea symptoms experienced in service.

The physician is advised that the Veteran and other lay witnesses are competent to report symptoms and their reports must be taken into account in formulating the requested opinions.

A complete rationale should accompany each opinion provided.

2. After the above development has been completed, readjudicate the claim on appeal. If the benefit sought on appeal remains denied, furnish the Veteran and his representative a supplemental statement of the case and return the case to the Board.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
Jonathan Hager
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).